## BUCKINGHAM STURGES *et al.*
### *v.*
## JOHN P. HART *et al.*

1. PLEADING — *of pleas — in an action upon an injunction bond — when defective.* In an action upon an injunction bond, a plea averring that the writ "was not sued out wrongfully, maliciously, or vexatiously, or without reasonable or probable cause," is demurrable; it being wholly immaterial what the motive was, or whether there was probable cause. The right of action accrued upon the bond upon the dissolution of the injunction, if any damages had been suffered.

2. SAME — *where writ is unauthorized — parties suing out are liable.* A plea is also bad which alleges that the writ of injunction was unauthorized by the order of the court, as it was the duty of the parties suing it out to see that it was no broader in its commands than authorized by the order; and if they caused an unauthorized writ to be executed, they became liable for all damages arising therefrom, without reference to the question whether it was such an one as had been ordered.

3. VARIANCE — *declaration — allegations and proofs.* Where the declaration averred an absolute injunction against selling or leasing certain lands, and the injunction proved was against conveying or leasing " to the injury of your orator," and was sworn to have been in accordance with the prayer of the bill, which was for an injunction against " conveying, leasing, incumbering, or interfering with said premises, to the injury of your orator in any way or manner whatsoever," the original writ having been lost, and its contents being proved by secondary evidence, — *held,* that there was no variance. That the true construction of the phrase, " to the injury of your orator," applied it to the " interfering with said premises in any way or manner whatsoever."

104       Sturges *et al.* v. Hart *et al.*       [Sept. T.,

Opinion of the Court.

4. PLEADING — *declaration* — *averments too general* — *objection must be taken by demurrer.* In an action upon an injunction bond, when the averments of damages in the declaration are too general, such objection should be raised by demurrer.

5. DAMAGES — *from loss of sales* — *by reason of an injunction* — *how must be proved.* Where a person lost the sale of his lands in consequence of the issuance of an injunction against him, the extent of the damages suffered may be shown by proof of the extent of deterioration in the market price or value of the lands.

6. SAME — *must have been a bona fide application to buy.* But the loss of sales must be shown by proving *bona fide* applications made by persons to purchase, and that the failure to sell was fairly attributable to the injunction. Slight, indefinite evidence is not sufficient.

7. EVIDENCE — *secondary* — *concerning contents of a lost paper* — *what must be first proved.* Where it is sought, upon the claim of the loss, or destruction of a paper, to give secondary evidence of its contents, the persons in whose possession it is shown to have been, must be produced, and a search among their papers should be proved.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action of debt on an injunction bond, brought in the court below by the appellees, John P. Hart and others, against Buckingham Sturges and John Stillwell, appellants, which resulted in that court in a verdict and judgment for the appellees, to reverse which the case is brought to this court by appeal. The facts in the case are sufficiently stated in the opinion.

Mr. CHARLES M. STURGES, for the appellants.

Messrs. FLEMING, PILLSBURY & PLUMB, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In January, 1864, Sturges filed a bill in chancery against Hart to foreclose two mortgages, and, at the same time, obtained an injunction enjoining him from conveying, incumbering or leasing the mortgaged premises, or committing waste thereon. The injunction was subsequently dissolved, and this suit has been brought by Hart upon the injunction bond. The plaintiff

claims damages for loss of sales, and loss of rents, and the jury gave him a verdict, upon which the court rendered judgment.

Counsel for appellant first urge that the Circuit Court erred in overruling the demurrer to the fifth, seventh and tenth pleas. The fifth plea is, that the injunction "was not sued out wrongfully, maliciously, or vexatiously, or without reasonable or probable cause." The plea was bad. It was wholly immaterial what was the motive in suing out the writ, or whether there was probable cause. The injunction was dissolved, and that gave a right of action on the bond, if any damages had been suffered.

The seventh plea was to the second breach, which averred the loss of rents, and the plea alleged that, if the writ of injunction restrained the defendant therein from leasing, it went beyond, and was unauthorized by the order of the court. The demurrer to this plea was also properly sustained. By the terms of the bond the obligors made themselves liable for whatever damages might accrue " from the wrongful suing out of said injunction." It was their duty to see that the writ was no broader in its commands than the order of the court would authorize. If they took out an unauthorized writ and caused it to be executed, they did it at their peril, so far as a suit upon the bond is concerned. By the terms of the bond they became liable for all damages arising from the wrongful suing out of the writ actually issued, without reference to the question whether the writ was such as had been ordered by the court. By this construction we do not extend the liability of the surety beyond the letter of the bond.

The tenth plea to the third breach was of the same character, and the demurrer to that plea was properly sustained.

It is next insisted, that there was a variance between the injunction proved and that alleged in the declaration, in this, that the declaration averred an absolute injunction against selling or leasing, while it is insisted, the injunction proved was against conveying or leasing " to the injury of your orator." The prayer of the bill was for an injunction against " conveying, leasing, incumbering or interfering with said

premises to the injury of your orator in any way or manner whatsoever." The original writ was lost, but its contents were proved by secondary evidence, and it was sworn to have been in accordance with the prayer of the bill. The true construction of the phrase " to the injury of your orator," as used in the prayer, would apply it, not to the conveying, leasing and incumbering, but to: the " interfering with said premises in any way or manner whatsoever." The complainant sought to enjoin, and did enjoin, the defendant, not only from conveying, or leasing, or incumbering, which were in themselves considered injurious, as is evident from the other parts of the bill, but also from interfering with the premises in any way that would be injurious to the complainant. There was no variance.

It is urged that the court erred in admitting evidence of depreciation in the price of lands. The declaration alleges that the plaintiff lost the sale of his lands in consequence of the injunction, and if that was so, proof of the extent of deterioration in the market price or value of lands would tend to show the extent of the injury, and would be the most natural way of showing it. It is urged that the averments of .damages, in assigning the second and third breaches, are too general, but that objection should have been taken by a demurrer to the declaration.

But, while these objections are untenable, we do not find evidence in the record upon which the verdict for damages for loss of sales of land can be sustained. The jury found upon each breach, and gave for attorney's fees $355, loss of rents $450, loss of sales $320, making a total of $1,125. A *remittitur* was entered as to the attorney's fees, as there was no proof in regard to them. Neither is there any evidence upon which damages can fairly be assessed under the third breach. To sustain this portion of the verdict, it should appear that the plaintiff had probably been prevented from making a sale, and this should be shown by proving that a *bona fide* application to buy had been made by some person, and that the failure to sell was fairly attributable to the injunction. The witness Greenwald might have bought a part of the land if the title

had been clear, but when they failed to get a release from the mortgages, the negotiation stopped.    But he does not speak of the injunction, but only of the mortgages.

The testimony of Oliver, as to the persons from LaSalle county looking for land, really amounts to nothing.    But it was shown in evidence that these lands had been covered over with mortgages to the amount, with interest, of about $60,000, and that the lands were not worth $40,000.    Thus incumbered in various ways, and to different parties, there was an obstacle in the way of sales almost as potent as the injunction itself, and it is unreasonable in a jury, upon the extremely slight evidence to be found in this record, to infer that the failure to sell proceeded from this injunction.

It is unnecessary for us to comment with particularity on the instructions, which are very numerous.    There are no objections to those given for the plaintiff.    We see no reason why the sixth instruction for the defendant should not have been given, unless the court thought the same idea had been sufficiently embodied in others, which, however, is somewhat doubtful.    That instruction was as follows :

"6. If the jury believe from the evidence, that, while the injunction was in force, John P. Hart received as large an amount for rents, profits or leases of the lands in question, as he would have done had there been no injunction, then the jury should give the plaintiffs nominal damages only, on the second breach of the plaintiffs' declaration."

No objection has been pointed out to this instruction, and we see none.

We may also add that the foundation for the introduction of secondary evidence of the lost writ of injunction was hardly satisfactory.    The counsel who are shown to have had it at times in their possession should have been called, and a search among their papers should have been proved.

The judgment is reversed and the cause remanded.

*Judgment reversed.*